IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. MATTISON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY A. MATTISON, APPELLANT.

Filed June 30, 2026.    No. A-25-934.

Appeal from the District Court for Adams County: MORGAN R. FARQUHAR, Judge. Affirmed.

Brooklyn G. Terrill, of Nebraska Commission on Public Advocacy, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and BISHOP and FREEMAN, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Anthony A. Mattison appeals from his plea-based convictions and sentences in the district court for Adams County. He argues the district court abused its discretion by denying his motion to withdraw his no contest pleas and by imposing excessive sentences. For the reasons stated herein, we reject Mattison's assigned errors and affirm the judgment and sentences of the district court.

### BACKGROUND

Mattison was charged in the district court for Adams County under CR22-220 with two counts of attempted second degree murder, Class II felonies; two counts of attempted first degree assault of an officer, Class II felonies; two counts of terroristic threats, Class IIIA felonies; two counts of use of a firearm to commit a felony, Class IC felonies; possession of a firearm by a

prohibited person, a Class ID felony; and possession of a controlled substance (methamphetamine), a Class IV felony. See, Neb. Rev. Stat. §§ 28-201, 28-308, 28-304, and 28-311.01 (Reissue 2016); Neb. Rev. Stat. §§ 28-1205, 28-416, and 28-1206 (Supp. 2025). The record shows that Mattison was also charged in Clay County under CR24-13 with several offenses.

Pursuant to a global plea agreement, Mattison pled no contest to two counts of attempted second degree murder in CR22-220, as well as second degree murder, a Class IB felony, and use of a firearm to commit a felony, a Class IC felony, in CR24-13. See §§ 28-304 and 28-1205. In accordance with an agreement between the parties, Mattison entered his pleas in both cases during one hearing that was conducted in the district court for Clay County.

At this hearing, the State provided a factual basis for the pleas in CR22-220 which stated that Mattison, while attempting to evade law enforcement, used a firearm to shoot at two officers. Following the State's recitation of the factual basis, the court found it was sufficient to support the pleas.

Ultimately, the district court found that Mattison's pleas in both cases were entered "knowingly, intelligently, and voluntarily," accepted them, and adjudged Mattison guilty of the amended charges. It proceeded to order a presentence investigation report (PSI) and a psychological evaluation be completed.

After the plea hearing, Mattison moved to withdraw his pleas in both cases. At a hearing on the motions, Mattison offered an affidavit in which he averred that his medication to treat his schizophrenia had been changed shortly after the plea hearing and that he was now able to think more clearly about his decisions. In opposition, the State offered a transcript of the plea hearing to prove that Mattison knowingly, intelligently, and voluntarily entered his pleas. The district court for Adams County denied the motions.

At this same hearing, based on agreement by the parties, the district court proceeded to sentence Mattison in both cases. In CR22-220, the court sentenced Mattison to two terms of 45 to 50 years' incarceration. The sentences in CR22-220 were ordered to run concurrently to one another and consecutive to the sentences in CR24-13. Mattison was awarded 1,157 days' credit for time previously served under CR22-220 only. Mattison filed an appeal in both cases.

Because Mattison received a life sentence in CR24-13, his direct appeal of that case was automatically docketed with the Nebraska Supreme Court. See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2024). Although the record shows Mattison filed a petition to bypass our court in CR22-220, his motion was denied by the Supreme Court. We therefore proceed to address only his appeal of CR22-220.

## ASSIGNMENTS OF ERROR

Mattison assigns, restated and reordered, that the district court abused its discretion by (1) denying his motion to withdraw his pleas and (2) imposing excessive sentences.

## STANDARD OF REVIEW

A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025).

ANALYSIS

*District Court Did Not Err by Denying Motion to Withdraw Pleas.*

Mattison argues that the district court abused its discretion by denying his motion to withdraw his pleas. He contends that his affidavit offered at the motion hearing established his pleas were not entered knowingly or voluntarily, and that the court's denial of his motion to withdraw his pleas consequently resulted in "manifest injustice." Brief for appellant at 14.

A plea must be entered freely, knowingly, and voluntarily. *State v. Kuol*, 34 Neb. App. 1, 30 N.W.3d 194 (2026). In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing. *Id*. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *Id*. A voluntary and intelligent waiver of the above rights must affirmatively appear from the face of the record. *Id*.

The right to withdraw a plea previously entered is not absolute. *Id*. When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *Id*. The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *Id*. Not understanding the mechanics of how something works is not the same as not understanding a plea. *Id*.

In its entirety, Mattison's motion to withdraw his pleas stated, "[Mattison] hereby moves this Court to withdraw his plea entered before this Court on August 19, 2025[,] in the above captioned case." Although the motion itself gave no specific explanation for why his pleas should have been allowed to be withdrawn, Mattison offered an affidavit at the hearing, which was received into evidence. The affidavit stated that Mattison was diagnosed with schizophrenia and that his prescribed medication had changed from "Haldol and Lamictal" to Haldol and "Buspar" after the plea hearing. Because of this change, he was allegedly "able to process verbal and visual communications more fully than when [he] was on Lamictal." He therefore asserted he now had a "better understanding" of the plea agreement and requested to withdraw his pleas and proceed to trial.

After hearing argument from both parties, the district court concluded that nothing in the record indicated that Mattison was affected by his medication when his pleas were entered, and that it was clear he understood the plea agreement and the ramifications of entering his pleas. The court overruled the motion on this basis.

Based on our review of the record, we cannot say that the district court abused its discretion by concluding that Mattison failed to establish by clear and convincing evidence that his pleas were invalid because of the influence of his medications. Although the record shows that Mattison had been diagnosed with schizophrenia and was prescribed medications for treatment of the condition, there is nothing in the record that indicates Mattison was under the influence of any medications when he appeared before the court and entered his pleas. To the contrary, Mattison explicitly informed the court that he was not under the influence of any drugs at the time of the plea hearing.

Further, Mattison's affidavit merely asserted that he was able to process verbal and visual communications "more fully" after being taken off Lamictal, and he now had a "better" understanding of the plea agreement and wanted to proceed to trial. As observed by the State at the hearing on the motion to withdraw plea, no medical testimony was presented regarding the difference between Lamictal and Buspar and the effect each has. However, even if it were true that Mattison now had a "better" understanding of the plea agreement, this does not mean that his understanding was inadequate at the time he entered his pleas. The written plea agreement signed by Mattison affirmed that he "fully underst[ood]" the "meaning and effect" of the plea agreement. The district court questioned Mattison during the plea hearing and explicitly found that Mattison's pleas were entered "knowingly, intelligently, and voluntarily."

Because Mattison failed to provide clear and convincing evidence to support a basis for withdrawing his pleas, we cannot say that the district court abused its discretion in denying his motion. This assigned error is without merit.

*District Court Did Not Impose Excessive Sentences.*

Mattison additionally assigns that the sentences imposed by the district court are excessive and constitute an abuse of discretion. He argues that the district court failed to properly consider his personal background, substance abuse problems, and mental health diagnosis of schizophrenia, as well as the negative effects that being incarcerated at a young age had upon him, the fact that he was incarcerated for nearly 6 years during the pendency of the case, and that his pleas allowed the State to avoid the time and costs associated with a trial. Mattison also contends that the district court sentenced him to significantly longer sentences than those imposed in similar cases.

The first step in analyzing whether sentences are excessive is to examine the statutory limits for each offense. *State v. Johnson*, 33 Neb. App. 194, 11 N.W.3d 703 (2024). An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *Id*. Mattison was convicted of two Class II felonies under CR22-220. Class II felonies are punishable by a maximum of 50 years' incarceration. See Neb. Rev. Stat. § 28-105 (Supp. 2025). Clearly, Mattison's sentences of 45 to 50 years' imprisonment are within the statutory limits. We therefore review the sentences only for an abuse of discretion.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing

- 4 -

judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the sentencing hearing, Mattison's attorney stated that Mattison's incarceration history began when he was very young, and he asserted that incarceration at a young age had a detrimental effect on individuals and increased their risk of recidivism and violence. Counsel also pointed out that Mattison was a "paranoid schizophrenic" and that he had served a substantial amount of time during the pendency of the cases.

The district court stated that it considered the required sentencing factors, specifically noting the nature of and motivation for the offenses and Mattison's age, mentality, education, social and cultural background, and history of criminal and law-abiding conduct. The court also stated it believed Mattison was violent and that his mental health condition was treatable and not considered to be a mitigating factor. The court additionally affirmed it had considered the comments of counsel and the PSI. See *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019) (stating that PSI contains information necessary to weigh sentencing factors).

The PSI shows that Mattison refused to participate in the interview. However, the report disclosed that Mattison was 36 years old, unmarried, and was a high school graduate. It also showed that Mattison had an extensive criminal history and had previously served multiple sentences of incarceration beginning when he was 18 years old. Additionally, the PSI showed Mattison had a history of violence and violent attitudes, that he presented several risk factors which increased his risk of engaging in future violence, and that the chance of his violent behavior becoming life threatening in the future was moderate. The PSI further disclosed that Mattison had reported in 2016 he was a daily user of marijuana and heroin, and that he was using methamphetamine on a regular basis before quitting in March 2016. However, because Mattison refused to participate in the PSI interview, no updated information was provided, nor were any evaluations completed, concerning his substance use.

We additionally note that Mattison was originally charged under CR22-220 with a Class IV felony, punishable by a maximum of 2 years' incarceration and 12 months' post-release supervision, a $10,000 fine, or both; two Class IIIA felonies, each punishable by a maximum of 3 years' incarceration and 18 months' post-release supervision, a $10,000 fine, or both; four Class II felonies, which we have stated are each punishable by a maximum of 50 years' incarceration; a Class ID felony, punishable by a mandatory minimum of three and maximum of 50 years' incarceration; and two Class IC felonies, each punishable by a mandatory minimum of five and maximum of 50 years' incarceration. See § 28-105. Mattison clearly received a substantial benefit with the plea agreement, as it dismissed all charges but two Class II felonies and significantly reduced his potential jail time in CR22-220.

Furthermore, regarding Mattison's claim that the district court erred by failing to place sufficient weight on the fact that he entered pleas to the charges rather than proceeding to trial, we note that a defendant has no absolute right to a reduced sentence because he saves the State the expense of going to trial. See *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). We also reject Mattison's argument that the court abused its discretion by imposing sentences that are allegedly significantly longer than those in similar cases. The issue in reviewing a sentence is not whether someone else in a different case received a lesser sentence, but whether the defendant in the subject case received an appropriate one. See *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026).

Appellate courts are under no duty to conduct a de novo review of the record to determine whether a sentence is proportionate. *Id.*

Based upon this record, we conclude that the sentences imposed by the district court in CR22-220 were not excessive and that the court did not abuse its discretion when it sentenced Mattison within the statutory limits.

CONCLUSION

For the foregoing reasons, we affirm the judgment and sentences of the district court.

AFFIRMED.